POLYMER TRADING, S.A.R.L., Appellant, v CIC-UNION EUROPEENNE ET CIE et al., Respondents. [640 NYS2d 32]

Defendant, the confirming bank in this letter of credit transaction, had a contractual duty to the beneficiary and to the issuing bank; however, since there was no privity of contract between plaintiff, the account party, and defendant, plaintiff could not assert a breach of contract action against defendant (*see, Bank of Cochin v Manufacturers Hanover Trust Co.*, 612 F Supp 1533, 1538-1539, *affd* 808 F2d 209).

Nor could plaintiff assert a tort claim based upon a duty to use reasonable care in reviewing the documents presented by the beneficiary, as a confirming bank owes no such duty to an account party (*see, Instituto Nacional de Comercializacion Agricola v Continental Ill. Natl. Bank & Trust Co.*, 858 F2d 1264, 1269, citing *Auto Servicio San Ignacio v Compania Anonima Venezolana de Navegacion*, 765 F2d 1306, 1308; *see also, Confeccoes Texteis de Vouzela v Riggs Natl. Bank*, 994 F2d 851). Further, defendant examined the certificates of origin with "reasonable care to ascertain that they appear[ed] on their face to be in accordance with the terms and conditions of the credit" (Uniform Customs and Practice for Commercial Documentary Credits [UCP] art 15). As collateral documents (*see*, UCP article 23), they were "subject only to cursory examination" (*see Fertico Belgium v Phosphate Chems. Export Assn.*, 100 AD2d 165, 171), and defendant was not liable for their "form, sufficiency, accuracy, genuineness, falsification or legal effect" or for "interpretation of technical terms" (UCP arts 17, 18). Since the goods related to those referred to in the commercial invoices and letter of credit, summary judgment dismissing the complaint was properly granted. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.